IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LA'SHANDA M. FARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-1272-DRH |
| | ) |
| DEPARTMENT of JUSTICE (FBI), | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On December 10, 2013, plaintiff La'Shanda Farmer filed her *pro se* action in this Court, using a pre-printed form for an employment discrimination case (Doc. 1). This matter is now before the Court on plaintiff's motion for leave to proceed *in forma pauperis*, *i.e.*, without pre-paying the filing fee (Doc. 2).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* ("IFP") or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

Plaintiff's affidavit of indigence states that she was previously employed by Convergys from October 2011 to February 2013 (Doc. 2). She lists no other income since that time other than small lottery winnings, and states, "That's why I am coming before the Court to get my money from the Federal Government and my companies" (Doc. 2, p. 2). She lists her bank account balance at only $25.00. However, she claims to own considerable assets, including the "Alta Sita Plaza Apts, ABC Television Network, Disney, Shondaland, [and] Mark Gordon Co. and its subsidiaries" (Doc. 2, p. 3). Based on this financial disclosure, which plaintiff declared to be true under penalty of perjury, her motion for leave to proceed IFP in this action (Doc. 2) is **DENIED**.

Where leave to proceed IFP has been denied, a meritorious case may still proceed if the plaintiff complies with the requirement to pay the $400.00 filing fee. However, after carefully reviewing plaintiff's complaint, the Court is unable to detect a non-frivolous cause of action against any non-immune defendant. Accordingly, this action shall be dismissed pursuant to § 1915(e)(2)(B).

In her complaint, plaintiff states that she was "hired and is still employed by the defendant" Federal Bureau of Investigation (Doc. 1, p. 2). She claims the alleged employment discrimination began in 1975, *id.*, when she was "kidnapped as a child" and left by agents in East St. Louis (Doc. 1, p. 3). She continues, "They swore me in to tell on the people who kidnapped and get their names, then they swore me in again to tell on people in St. Clair County . . . then on others everywhere." *Id*. She claims that "they built me property known as the Alta Sita Plaza's,[1] for my duties for the FBI." *Id*. The complaint continues with a rambling narrative, including that when plaintiff turned 18, she met an agent at the Social Security Office and complained to him that she had no money and no place to stay; when she saw doctors she had other people fill out paperwork for her; and cocaine was found in her system but the FBI agents still refused to take her back home. She sums up by saying, "no one has helped me[,] why swear me in and they tell all government officials that I am a[n] FBI agent, I help turn people and make sure they get the right people[.] I want a life. I yet to have one" (Doc. 1, p. 4).

None of these allegations, even if they are accepted at face value, suffice to state a claim that plaintiff suffered unlawful racial, age, or gender discrimination as an employee of the FBI, as she asserts in her pleading. Nor does the complaint state a viable claim for violations of plaintiff's constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named*

---

[1] The Alta Sita Plaza Apartments are located in East St. Louis, Illinois, according to www.yellowpages.com (last visited Jan. 9, 2013).

*Agents*, 403 U.S. 388 (1971). In *Neitzke v. Williams,* 490 U.S. 319 (1989*)*, the Court noted that when a district court considers an *in forma pauperis* motion, it has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28. Plaintiff's allegations do not add up to state a plausible claim, much less one that would entitle her to monetary damages or the other relief she seeks. The complaint is frivolous and without merit, and shall be dismissed.

For the above reasons, the Court **DENIES** plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B) **with prejudice** because it is frivolous and fails to state a claim, and **DIRECTS** the Clerk of Court to enter judgment accordingly. Plaintiff's motion for recruitment of counsel (Doc. 3) and motion for service of process at government expense (Doc. 4) are **DENIED AS MOOT**.

Because plaintiff's application to proceed IFP has been denied, the filing fee of $400.00 for this action remains due and payable.[2] *See* 28 U.S.C. §§ 1915(a)(1); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. Only litigants who are granted IFP status are exempt from paying the new $50.00 fee.

F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

If plaintiff wishes to appeal the dismissal of this action, she may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). However, because the undersigned Judge has found this action to be frivolous and without merit, this Court will not grant plaintiff permission to proceed *in forma pauperis* on appeal. Therefore, if plaintiff does choose to appeal, she will incur the obligation to pay the $505.00 appellate filing fee irrespective of the outcome of the appeal, unless she files a successful IFP motion in the appellate court. See FED. R. APP. P. 3(e), FED. R. APP. P. 24; 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Newlin*, 123 F.3d at 434. A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

Signed this 10th day of January, 2014.

David R. Herndon
2014.01.10
03:55:13 -06'00'

**Chief Judge**
**United States District Court**